1

2

3            UNITED STATES DISTRICT COURT

4                 DISTRICT OF NEVADA

5                      *   *   *

6   JERMAINE JAMAICA CAMPBELL, SR.,            Case No. 3:19-cv-00576-MMD-WGC

7                          Petitioner,                   ORDER

8        v.

9   WARDEN RUSSELL, *et al.*,

10                        Respondents.

11

12  **I.    SUMMARY**

13          This action is a petition for a writ of habeas corpus by Petitioner Jermaine Jamaica

14  Campbell, Sr., who is incarcerated at Ely State Prison in Ely, Nevada. Campbell is

15  represented by appointed counsel. Respondents have filed a motion to dismiss. (ECF No.

16  42 ("Motion").) For the reasons stated below, the Court will deny the Motion.

17  **II.   BACKGROUND**

18          Campbell was convicted, following a two-day jury trial, in Nevada's Second Judicial

19  District Court (Washoe County), of two counts of trafficking in a controlled substance.

20  (ECF Nos. 46-2, 46-3, 45-6, 46-7.) The Judgment was filed on February 27, 2012. (ECF

21  No. 46-9.)

22          Campbell appealed. (ECF Nos. 46-10, 47-29, 47-34.) The Nevada Supreme Court

23  affirmed on September 18, 2013. (ECF No. 47-36.) Campbell filed a petition for certiorari

24  with the United States Supreme Court. (ECF No. 47-50.) The United States Supreme

25  Court denied the petition for certiorari on April 28, 2014 (ECF No. 47-51) and then denied

26  the rehearing on June 30, 2014 (ECF No. 47-52).

27          On October 10, 2014, Campbell filed a *pro se* petition for writ of habeas corpus in

28  the state district court. (ECF No. 48-1.) On March 25, 2016, with appointed counsel,

1    Campbell filed a supplemental habeas petition. (ECF No. 49-14.) The state district court

2    held an evidentiary hearing. (ECF No. 50-1.) The state district court denied Campbell's

3    petition in a written order filed February 15, 2018. (ECF No. 50-6.) Campbell appealed.

4    (ECF Nos. 50-2, 51-7.) The Nevada Supreme Court affirmed on July 10, 2019. (ECF No.

5    51-12.) The remittitur was issued on August 5, 2019. (ECF No. 51-14.)

6         On September 15, 2020, Campbell filed a *pro se* Motion for Modification of

7    Sentence in the state district court. (ECF No. 51-15.) The state district court denied that

8    motion on October 16, 2020. (ECF No. 51-21). Campbell appealed (ECF No. 51-24), but

9    the Nevada Supreme Court dismissed the appeal on January 8, 2021, ruling that the

10   notice of appeal was untimely filed. (ECF No. 51-25.)

11        This Court received a *pro se* petition for writ of habeas corpus from Campbell (ECF

12   No. 4), initiating this action, on September 17, 2019. On September 18, 2019, the Court

13   granted Campbell's motion for appointment of counsel (ECF No. 5) and appointed the

14   Federal Public Defender for the District of Nevada to represent him. (ECF No. 3.) With

15   counsel, on September 21, 2020, Campbell filed a first amended petition for writ of habeas

16   corpus. (ECF No. 25.) Campbell's first amended petition, now his operative petition,

17   includes the following claims of ineffective assistance of his trial counsel (stated and

18   organized here as in the petition):

19        Ground 1: Campbell's federal constitutional rights were violated on account
20        of ineffective assistance of his trial counsel because "counsel induced
          Campbell to reject a favorable plea based upon counsel's opinion that the
21        case would be dismissed for the State's failure to locate Ashley Loftis."

22        Ground 2: Campbell's federal constitutional rights were violated on account
          of ineffective assistance of his trial counsel because counsel "fail[ed] to
23        argue that Ms. Loftis did not voluntarily consent to sign the waiver that
          permitted the search of the apartment."

24        Ground 3: Campbell's federal constitutional rights were violated on account
25        of ineffective assistance of his trial counsel because counsel "failed to make
          an *Apprendi* objection to the enhanced sentence beyond the one justified
26        by the jury's verdict."

27        Ground 4: Campbell's federal constitutional rights were violated on account
          of ineffective assistance of his trial counsel because counsel was ineffective
28        at sentencing.

1
2
3
4

    Ground 4A: "Counsel was ineffective at sentencing by failing to make any argument on behalf of Mr. Campbell."

    Ground 4B: "Counsel was ineffective at sentencing by failing to object to suspect evidence cited by the judge in imposing two life sentences."

5 (ECF No. 25.)

6     Respondents filed their Motion on April 9, 2021 (ECF No. 42), contending that all

7 of Campbell's claims are barred by the statute of limitations, that Ground 1 is unexhausted

8 in state court, and that Grounds 3, 4A, and 4B are unexhausted in state court and/or

9 procedurally defaulted. Campbell has filed an opposition to the Motion (ECF No. 58), and

10 Respondents have replied (ECF No. 62).

11 **III.    DISCUSSION**

12     **A.    The Statute of Limitations – Application in this Case**

13     The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996,

14 established a one-year statute of limitations for federal habeas petitions filed by prisoners

15 challenging state convictions or sentences. The statute provides:

16
17

    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

18
19

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

20
21
22

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

23
24
25

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

26
27

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28

1   28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is tolled during the time that a

2   properly filed application for state post-conviction or other collateral review is pending in

3   state court. *See* 28 U.S.C. § 2244(d)(2).

4          Campbell's conviction became final on June 30, 2014, when the United States

5   Supreme Court denied rehearing after denying his petition for certiorari. (ECF Nos. 47-

6   51, 47-52.) Campbell filed his state habeas petition on October 10, 2014, tolling the

7   limitations period under 28 U.S.C. § 2244(d)(2). (ECF No. 48-1.) One hundred and two

8   days ran against the limitations period before that statutory tolling began. The limitations

9   period remained tolled, by virtue of Campbell's state habeas action, until August 5, 2019,

10   when the Nevada Supreme Court's remittitur issued following its affirmance of the denial

11   of Campbell's state habeas petition. (ECF No. 51-14.) The remaining 263 days of the

12   limitations period ran out, and the limitations period expired, on April 24, 2020.

13          Campbell's original *pro se* habeas petition in this case (ECF No. 4), received by

14   the Court on September 17, 2019, was filed well within the limitations period. However,

15   his counseled first amended petition (ECF No. 25), filed on September 21, 2020, was filed

16   well after the expiration of the limitations period. This much is undisputed. (ECF Nos. 42

17   at 7, 58 at 2.)

18          The parties' disputes regarding the operation of the statute of limitations involve

19   the question of whether the claims in Campbell's first amended petition relate back to the

20   claims in his original petition. In *Mayle v. Felix*, the Supreme Court held that "[s]o long as

21   the original and amended petitions state claims that are tied to a common core of

22   operative facts, relation back will be in order," but "[a]n amended habeas petition . . . does

23   not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new

24   ground for relief supported by facts that differ in both time and type from those the original

25   pleading set forth." 545 U.S. 664, 650, 664 (2005).

26       **B.**    **Exhaustion of State Court Remedies – Legal Standards**

27          A federal court may not grant relief on a habeas corpus claim not exhausted in

28   state court. *See* 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of

federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that claim to the state's highest court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), *cert. denied*, 463 U.S. 1212 (1983). To fairly present a federal constitutional claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999), *cert. denied*, 529 U.S. 1009 (2000) (citing *Duncan*, 513 U.S. at 365-66).

### C.   Procedural Default – Legal Standards

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *See* 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state

1    procedural rule. *Id.* at 488. For cause to exist, the external impediment must have

2    prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467,

3    497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of

4    showing not merely that the errors [complained of] constituted a possibility of prejudice,

5    but that they worked to his actual and substantial disadvantage, infecting his entire

6    [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603

7    (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

8         In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of post-

9    conviction counsel may serve as cause, to overcome the procedural default of a claim of

10   ineffective assistance of trial counsel. *See* 566 U.S. 1, 9 (2012). In *Martinez*, the Supreme

11   Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a

12   postconviction proceeding does not establish cause" to excuse a procedural default. *Id*.

13   at 15 (citing *Coleman*, 501 U.S. at 746-47). The Court in *Martinez*, however, "qualif[ied]

14   *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-

15   review collateral proceedings may establish cause for a prisoner's procedural default of

16   a claim of ineffective assistance at trial." 566 U.S. at 9. The Court described "initial-review

17   collateral proceedings" as "collateral proceedings which provide the first occasion to raise

18   a claim of ineffective assistance at trial." *Id*. at 8.

19        **D.      Claim-Specific Analysis**

20             1.      Ground 1

21        In Ground 1, Campbell claims that his federal constitutional rights were violated on

22   account of ineffective assistance of his trial counsel because "counsel induced Campbell

23   to reject a favorable plea based upon counsel's opinion that the case would be dismissed

24   for the state's failure to locate Ashley Loftis." (ECF No. 25 at 6.)

25        The statute of limitations issue with respect to Ground 1 boils down to whether the

26   claim in Ground 1 of Campbell's amended petition relates back to the claim in Ground 9

27   of his original petition. (ECF Nos. 25 at 6-10, 4 at 51-57.) The core operative facts of

28   Ground 1 are as follows:

6

1
2
3
4
5

> Mr. Campbell was represented by John Ohlson at trial. The month before the trial was set to [begin], the prosecution sent an email to Ohlson with an offer of 6 to 15 years with no habitual criminal designation. Rather than take this favorable deal, Ohlson advised Mr. Campbell to reject it, suggesting instead that Mr. Campbell proceed to trial because the State could not find Ms. Loftis and that if the State could not locate her the court would likely dismiss the charges. Mr. Campbell declined the State's offer and chose to go to trial based on this advice.

6   (ECF No. 25 at 7.) The Court finds that Ground 9 of Campbell's original *pro se* habeas

7   petition was tied to the same core operative facts. (ECF No. 4 at 51-52.) Ground 1 relates

8   back to Ground 9 of the timely-filed original petition and is not barred by the statute of

9   limitations.

10      Turning to the question of exhaustion of state-court remedies with respect to

11   Ground 1, Campbell did raise this claim in the state district court in Ground 9 of his state

12   habeas petition. (ECF No. 49-14 at 10-11.) The state district court denied relief on the

13   claim, based primarily upon the testimony of Campbell's trial counsel at the evidentiary

14   hearing. (ECF No. 50-6 at 10-11.) Then, on the appeal in that action, Campbell added to

15   the claim somewhat—arguing that counsel was ineffective for failing to explain "joint or

16   constructive possession liability" to Campbell—but he still asserted factual allegations and

17   argument sufficient to raise on appeal the claim as it was raised in the district court and

18   as it is raised here in Ground 1. (ECF No. 51-7 at 17-18, 22-23, 48-51.) The Nevada

19   Supreme Court affirmed the denial of relief, including the following in its order:

20
21

> We conclude that substantial evidence supports the district court's conclusion that appellant failed to demonstrate that counsel convinced him to reject the plea offer.

22
23
24

> Counsel did not tell appellant to reject the plea offer. To the extent that appellant's testimony contradicted that of his counsel, it was for the district court to assess the relative credibility of each witness, and that determination receives substantial deference on appeal. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

25   (ECF No. 51-12 at 3-4.) The Court finds that Campbell exhausted the claim in Ground 1

26   on the appeal in his state habeas action.

27   ///

28   ///

2.      Ground 2

In Ground 2, Campbell claims that his federal constitutional rights were violated on account of ineffective assistance of his trial counsel because counsel "fail[ed] to argue that Ms. Loftis did not voluntarily consent to sign the waiver that permitted the search of the apartment." (ECF No. 25 at 10.)

The core operative facts of Ground 2 are the allegations that the police relied upon a consent form with Loftis' signature on it to search the apartment shared by Campbell and Loftis; however, Loftis could not have voluntarily consented to the search because she was, at the time, detoxing from heroin and taking drugs to treat the symptoms of her withdrawal. (*Id*. at 10-13.) The Court finds that Ground 7 of Campbell's *pro se* original petition is tied to the same core operative facts. (ECF No. 4 at 40-41.) While Ground 7 of the original petition includes another theory—that Loftis did not herself sign the consent form—it includes the theory that Loftis was under the influence of drugs and "could not have been in the right state of mind to have signed the consent form she allegedly sign[ed]." (*Id*. at 41.) Moreover, "[a report of a registered nurse in Loftis' medical records] could have proven Loftis could not have signed the consent form voluntarily in the state of mind she was in." (*Id*. at 40.) Ground 2 relates back to Ground 7 of the timely-filed original petition and is not barred by the statute of limitations.

Respondents do not contend that Ground 2 is unexhausted in state court or procedurally defaulted.

3.      Ground 3

In Ground 3, Campbell claims that his federal constitutional rights were violated on account of ineffective assistance of his trial counsel because counsel "failed to make an *Apprendi* objection to the enhanced sentence beyond the one justified by the jury's verdict." (ECF No. 25 at 13.)

The core operative facts underlying this claim are that the jury instructions required a finding of only four or more grams of controlled substance, whereas the subsection of the statute under which Campbell was ultimately convicted and sentenced required a

finding of 28 or more grams, but Campbell's trial counsel failed to make an objection under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*Id.* at 13-18.) A close look at Campbell's *pro se* original petition reveals that he drafted the petition in part by including, within the petition itself, briefing excerpted from his counseled opening brief on the appeal in his state habeas action. (ECF Nos. 4 at 95-145, 51-7 at 10-59.) That briefing was inserted in the petition immediately following a form page like the one he used before each of his claims to show the exhaustion in state court of the claim, indicating that he meant that briefing to constitute claims in his petition. (ECF No. 4 at 95.) Also, that briefing was inserted in the petition before the signature page, further indicating that it was meant as part of the petition itself. (*Id.* at 171.) Construing Campbell's *pro se* original petition liberally, the Court determines that Campbell intended the material in the briefing excerpted from his state appellate brief and inserted into his petition to be part of the petition itself, rather than an attachment or exhibit in support of the petition. *See Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (en banc). And, within that part of Campbell's *pro se* original petition is a claim sharing core operative facts with the claim in Ground 3. (ECF No. 4 at 138-43.) The Court finds, therefore, that the claim in Ground 3 relates back to the timely-filed original petition and is not barred by the statute of limitations.

Regarding the question of exhaustion of state-court remedies, Campbell did not assert this claim in his petition, or in his supplement to the petition, in his state habeas action. (ECF Nos. 48-1, 49-14.) After appointment of different counsel for the appeal in that action, however, Campbell did assert this claim on the appeal. (ECF No. 51-7 at 52-57.) Indeed, as is explained above, Campbell included the claim in his *pro se* original petition in this case by inserting pages from his counseled opening brief on the appeal in his state habeas action. (ECF No. 4 at 138-43.) Because Campbell presented this claim to the Nevada Supreme Court, it is exhausted in state court.

However, because Campbell had not raised the claim in his state habeas petition, the Nevada Supreme Court declined to consider the claim on appeal, ruling as follows:

1
2
3

> Lastly, appellant argues that trial and appellate counsel were ineffective as
> to the sentencing hearing and not challenging the sentence on appeal
> based on inadequate jury instruction. Appellant did not raise this claim in
> his petition and we decline to consider it for the first time on appeal. *See*
> *McNelton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999).

4   (ECF No. 51-12 at 4.) The Nevada Supreme Court applied a state law procedural bar to

5   the claim. Therefore, the claim is subject to application of the procedural default doctrine

6   in this case. But as this is a claim of ineffective assistance of trial counsel, Campbell might

7   be able to overcome the procedural default, under *Martinez*, by showing ineffective

8   assistance of counsel before the state district court in his state habeas action. *See* 566

9   U.S. at 9. That analysis, however, is intertwined with the merits of the claim, such that it

10  will be better addressed in conjunction with the merits of the claim, after Respondents file

11  an answer and Campbell files a reply. The Court, then, will deny Respondents' motion to

12  dismiss this claim on procedural default grounds, without prejudice to them asserting the

13  procedural default defense to the claim in their answer.

14                    4.      Ground 4A

15        In Ground 4A, Campbell claims that his federal constitutional rights were violated

16  on account of ineffective assistance of his trial counsel because his counsel was

17  ineffective at sentencing for "failing to make any argument on behalf of Mr. Campbell."

18  (ECF No. 25 at 18.)

19        In his *pro se* original petition, within the briefing excerpted from the opening brief

20  on the appeal in his state habeas action, Campbell asserted a claim sharing core

21  operative facts with the claim in Ground 4A. (ECF No. 4 at 110-12, 120-29.) Ground 4A

22  relates back to the timely-filed original petition and is not barred by the statute of

23  limitations.

24        With respect to the issues of exhaustion and procedural default, the procedural

25  history of this claim is like that of Ground 3. Campbell did not assert this claim in his

26  petition, or in his supplement to the petition, in his state habeas action. (ECF Nos. 48-1,

27  49-14.) On the appeal in that action, Campbell did assert this claim. (ECF No. 51-7 at 24-

28  26, 34-43.) However, because Campbell had not raised the claim in his state habeas

petition, the Nevada Supreme Court declined to consider the claim, and ruled it procedurally barred. (ECF No. 51-12 at 4.) Therefore, the claim is subject to application of the procedural default doctrine in this case, but because this is a claim of ineffective assistance of trial counsel, Campbell might be able to overcome the procedural default, under *Martinez*, by showing ineffective assistance of counsel before the state district court in his state habeas action. *See* 566 U.S. at 9. That analysis, however, is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of the claim, after Respondents file an answer and Campbell files a reply. The Court, then, will deny Respondents' motion to dismiss this claim on procedural default grounds, without prejudice to them asserting the procedural default defense to the claim in their answer.

5.      Ground 4B

In Ground 4B, Campbell claims that his federal constitutional rights were violated on account of ineffective assistance of his trial counsel because counsel was ineffective at sentencing for "failing to object to suspect evidence cited by the judge in imposing two life sentences." (ECF No. 25 at 19.)

Here again, in his *pro se* original petition, within the briefing excerpted from the opening brief on the appeal in his state habeas action, Campbell asserted a claim sharing core operative facts with the claim in Ground 4B. (ECF No. 4 at 120-29.) Ground 4B relates back to the timely-filed original petition and is not barred by the statute of limitations.

With respect to the questions of exhaustion and procedural default, this claim has a procedural history like that of Grounds 3 and 4A. Campbell did not assert this claim in his petition, or in his supplement to the petition, in his state habeas action. (ECF Nos. 48-1, 49-14.) On the appeal in that action, Campbell did assert this claim. (ECF No. 51-7 at 34-43.) However, because Campbell had not raised the claim in his state habeas petition, the Nevada Supreme Court declined to consider the claim, and ruled it procedurally barred. (ECF No. 51-12 at 4.) Therefore, the claim is subject to application of the

procedural default doctrine in this case. However, because this is a claim of ineffective assistance of trial counsel, Campbell might be able to overcome the procedural default, under *Martinez*, by showing ineffective assistance of counsel before the state district court in his state habeas action. *See* 566 U.S. at 9. That analysis, however, is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of the claim, after Respondents file an answer and Campbell files a reply. The Court, then, will deny Respondents' motion to dismiss this claim on procedural default grounds, without prejudice to them asserting the procedural default defense to the claim in their answer.

## IV.     CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 42) is denied.

It is further ordered that Respondents will have 60 days from the date of this order to file an answer. In all other respects, the schedule for further proceedings set forth in the order entered October 21, 2019 (ECF No. 9), will remain in effect.

DATED THIS 16th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE